UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THE KING/MOROCCO                                    CIVIL ACTION

VERSUS                                              NO. 18-8961

RANGE ROVER NEW ORLEANS                             SECTION "R" (3)

**ORDER AND REASONS**

The Court has received plaintiff The King/Morocco's motion to reconsider his status *in forma pauperis*.[1] Because plaintiff has neither cured his application's prior defect nor established his inability to pay fees, the Court denies his motion.

**I.     BACKGROUND**

This case arises from an allegation of workplace discrimination.[2] Plaintiff alleges that he went to the place of business of defendant Range Rover of New Orleans to apply for a job, but he "was not allowed to interview for any position."[3] Plaintiff alleges that defendant's conduct "mentally affected [him] in a negative way," including "hurt[ing him] emotionally" and

---

[1]    R. Doc. 7.
[2]    *See* R. Doc. 1 at 4.
[3]    *Id.*

"traumatiz[ing]" him.[4] As a result of this alleged conduct, plaintiff states various causes of action, from "fraud" and "collusion" to "discrimination" and "genocide."[5] Plaintiff requests relief in the form of $3 million in "certified gold [b]ars."[6]

Plaintiff attaches to his complaint a notice from the Equal Employment Opportunity Commission, in which the EEOC closes his charge of discrimination against Range Rover New Orleans.[7] The notice is addressed to Myron G. Simms, Jr.,[8] the individual whose personal information appears to have been provided when filing the employment discrimination charge.[9]

At the time of filing his complaint, plaintiff also filed an application to proceed *in forma pauperis*.[10] The Magistrate Judge denied this pauper application without prejudice, because the application did not have a "properly signed declaration."[11] Specifically, the application displayed the "[a]utograph" of "The King/Morocco."[12] And the Court was unable to

---

[4] *Id.*
[5] *See id.* at 5.
[6] *Id.*
[7] *See* R. Doc. 1 at 7-11.
[8] *See, e.g., id.* at 9.
[9] *See id.* at 10.
[10] R. Doc. 2.
[11] R. Doc. 3 at 2.
[12] *Id.* at 1.

2

ascertain whether this moniker was an alias for the Simms referenced in the EEOC charge.[13]

Plaintiff then filed a motion to set aside the Magistrate Judge's order,[14] and attached a new motion to proceed *in forma pauperis*.[15] The Court denied the motion to set aside the Magistrate Judge's order as untimely,[16] and denied the pauper application—to the extent it could be construed as a renewed motion—for the same reasons the Magistrate Judge denied the earlier motion.[17]

Plaintiff now submits a new pauper application.[18] To the application, plaintiff attaches documents that he claims show he "has filed Affidavits of Sovereignty" and that his "appellation is The King/Morocco."[19]

## II. DISCUSSION

The Court previously denied plaintiff's pauper application for failing to state whether "'The King/Morocco' is the alias of Simms."[20] The Court finds

---

| | |
|---|---|
| 13 | *See id.* at 1. |
| 14 | R. Doc. 4. |
| 15 | *See id.* at 3-4. |
| 16 | *See* R. Doc. 6 at 1. |
| 17 | *See id.* at 2. |
| 18 | R. Doc. 7. |
| 19 | R. Doc. 7-1 at 1. |
| 20 | *See* R. Doc. 3 at 1; R. Doc. 6 at 2. |

that the additional documents submitted by Simms do not correct this deficiency. For instance, plaintiff provides a notarized "Affidavit of Sovereignty," which contains the "[a]utograph" of "The King/Morocco," under which appears to be the signature "Myron Simms" and the printed name "Myron Gerard Jr Simms [sic]."[21] While this affidavit evinces a connection between Simms and The King/Morocco, it does not explain the nature of this relationship. Rather, the document appears to invoke various treaties, constitutions, and declarations.[22] Further obfuscating the matter, another attachment states that "The King/Morocco [i]s the attorney-in-fact appointed by Myron Gerard Simms Jr."[23] In short, the Court instructed plaintiff simply to identify whether "The King/Morocco" is an alias for Simms, and plaintiff has not done so.

Even if the Court were to find that plaintiff cured this procedural deficiency, his filing does not establish on the merits that he may proceed *in forma pauperis*. The Court may authorize a litigant to proceed *in forma pauperis* if he cannot pay the Court's fees. *See* 28 U.S.C. § 1915(a)(1). The Court has wide discretion in denying an application to proceed *in forma pauperis*, particularly in civil cases where courts "should grant the privilege

---

[21] R. Doc. 7-1 at 4.
[22] *See id.*
[23] *Id.* at 6.

sparingly." *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds*, Prison Litigation Reform Act, 28 U.S.C. § 1915, *as recognized in Thompson v. Drewry*, 138 F.3d 984, 985-86 (5th Cir. 1998). Plaintiff's most recent financial affidavit shows that, in the past twelve months, he has received business income and income from other sources, including "$3,000-$4,000" and "$192 SNAP [b]enefits."[24] Other than listing a negative account balance of $10, though, plaintiff indicates that he does not have any monthly expenses, any financial obligations, or any type of debt.[25] Based on the financial information provided by plaintiff, therefore, the Court does not find him unable to pay the Court's fees and costs.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES WITH PREJUDICE plaintiff's motion to proceed *in forma pauperis*.

New Orleans, Louisiana, this __14th__ day of November, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[24] *See* R. Doc. 7 at 1.
[25] *See id.* at 2.